UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAIYA SOLOMON,
                    Plaintiff,

                                                      5:11-CV-0226
v.                                                     (GTS/ATB)

HUMAN SERVICES COALITION OF TOMPKINS
COUNTY, INC.; LEE DILLON, as agent of and
individually; CHRISTINE BARKSDALE, as agent
of and individually; JAMES A. BROWN, as agent
of and individually; PATRICIA CAREY, as agent
of and individually; SUSAN DALE-HALL, as
agent of and individually; DAVID G. EVELYN,
M.D., as agent of and individually; JIM HULL, as
agent of and individually; JOHN T. LEMLEY, as
agent of and individually; SAOIRSE McCLORY,
as agent of and individually; DEBORAH
MOHLENHOFF, as agent of and individually;
SHAWN MARTEL MOORE, as agent of and
individually; RON PROVUS, as agent of and
individually; LENORE SCHWAGER, as agent
of and individually; REVEREND PHILIP SNYDER,
as agent of and individually; CAL WALKER, as
agent of and individually; NANCY ZAHLER, as
agent of and individually; EDWARD SWAYZE,
as agent of and individually; FRANCINE
SPADAFORA-MANZELLA, as agent of and
individually; CITY FEDERATION OF
WOMEN'S ORGANIZATION OF ITHACA,
NEW YORK; SARAH JOHNSON, as agent of
and individually; JIM DENNIS, as agent of
and individually; and M. KATHLEEN
SCHLATHER, as agent of and individually,
                                      Defendants.
_____

APPEARANCES:

SARAIYA SOLOMON
  Plaintiff, *Pro Se*
111 South Street
Ithaca, New York 14850

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court in this *pro se* civil rights action, filed by Saraiya Solomon ("Plaintiff") against the above-captioned Defendants, is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's causes of action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) to the extent that they are premised on a violation of one or both of two criminal statutes, 18 U.S.C. §§ 241 and 245, or asserted on behalf of a third party. (Dkt. No. 4.) Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons that follow, the Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's causes of action are dismissed with prejudice to the extent that they are premised on a violation of 18 U.S.C. § 241 and/or 18 U.S.C. § 245, or asserted on behalf of a third party.

**I.      RELEVANT BACKGROUND**

**A.      Plaintiff's Complaint**

Plaintiff filed her Complaint on February 28, 2011. (Dkt. No. 1.) Generally, in her Complaint, Plaintiff, a black female, alleges that, beginning in June 2009, she was subject to discrimination as a participant in an employment program known as the Senior Community Service Employment Program ("SCSEP"), administered by Experience Works, an organization funded by the United States Department of Labor ("USDOL"). (*Id*.) More specifically, Plaintiff alleges that, while she was assigned by SCSEP to Defendant Human Services Coalition of Tompkins County, Inc. ("HSC") for on-the-job training and transition into the workforce, certain Defendants discriminated against her because of her race and retaliated against her when she complained about this discrimination to the USDOL. (Dkt. No. 1.)

Based on these (and other) factual allegations, Plaintiff asserts the following thirteen causes of action against Defendants: (1) "Deprivation of [Plaintiff's Right of] Equal Access [to SCSEP]" based on her race (under 42 U.S.C. § 2000, N.Y. Human Rights Law, and New York State common law); (2) "Conspiracy to Deprive [Plaintiff] of [Her] Civil Rights" based on her race (under 18 U.S.C. § 241, N.Y. Human Rights Law, and New York State common law); (3) "Willful Interference [with] and Oppression of [Plaintiff's Engagement in] a Protected Activity" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (4) "Retaliation [Against Plaintiff]" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (5) "Tortious Interference with [Plaintiff's] Contract[ual Rights]" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (6) "Adverse Effect on [Plaintiff's] Training/Employment Status" based on her race (under 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (7) "[Discrimination Against Plaintiff Regarding the] Privileges Terms and Conditions of [Her] Employment" based on her race (under 18 U.S.C. § 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (8) "Imposition of Race-Biased Training/Employment Standard [on Plaintiff]" based on her race (under 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (9) "Intentional Infliction of Emotional Harm [on Plaintiff]" based on her race (under 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (10) "Negligent Infliction of Emotional Distress [on Plaintiff]" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); (11) "Intentional Interference with [Plaintiff's] Contractual Relations" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human

Rights Law, and New York State common law); (12) "Intentional Interference with [Plaintiff's] Prospective Economic Advantage" based on her race (under 18 U.S.C. §§ 241 and 245, 42 U.S.C. § 1981, N.Y. Human Rights Law, and New York State common law); and (13) "[Violation of the] Duty of Care [Owed to Plaintiff]" based on her race (*Id*. at ¶¶ 24-88).[1]

For a more detailed recitation of Plaintiff's causes of action and factual allegations, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 1 and 4.)

### B.  Magistrate Judge Baxter's Report-Recommendation

On March 4, 2011, Magistrate Judge Baxter issued an Order and Report-Recommendation in which he (1) granted Plaintiff's motion to proceed *in forma pauperis*, and (2) recommended that Plaintiff's causes of action alleging violations of criminal statutes, 18 U.S.C. §§ 241 and 245, or asserting claims on behalf of a third party, be dismissed with prejudice. (Dkt. No. 4.) In support of his recommendation that Plaintiff's causes of action based on federal criminal statutes 18 U.S.C. §§ 241 and 245 be dismissed, Magistrate Judge Baxter pointed out that no private right of action exists under these federal criminal statutes. (*Id*.)[2] In addition, in support of his recommendation that the portions of Plaintiff's Complaint attempting to assert claims on behalf of "clients" (i.e., third parties) be dismissed, Magistrate Judge Baxter

---

[1]  The Court notes that, in addition, Plaintiff appears to assert some discrimination claims on behalf of her "client." (Dkt. No. 1 at ¶ 2.)

[2]  The following allegations cite either 18 U.S.C. § 241 and/or 18 U.S.C. § 245: (1) Count 2–Conspiracy to Deprive of Civil Rights; (2) Count 3–Wilful Interference and Suppression of a Protected Activity; (3) Count 4–Retaliation; (4) Count 5–Tortious Interference with Contract; (5) Count 7–Privileges Terms and Conditions of Employment; (6) Count 11–Intentional Interference with Contractual Relations; and (7) Count 12–Intentional Interference with Prospective Economic Advantage. (Dkt. No. 1, Violations and Claims.)

pointed out that (1) litigants generally "do not have standing to assert the rights of others[,]" and the exceptions to this rule "do not apply in this case," and (2) "[i]n any event, [P]laintiff does not state that she is raising a claim for her unnamed 'client.'" (*Id*.)[3]

## II.   STANDARD OF REVIEW

### A.   Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[4] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5] Similarly, when a party makes no objection to a portion of a report-recommendation, the

---

[3]   Instead, in Plaintiff's request for injunctive relief, she states that she wishes the Court to "halt the discriminatory policy of preventing and harassing black people who would access the establishment . . . ."  (Dkt. No. 1, at ¶ 2.)

[4]   On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[5]   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.** **Standard Governing Review of Plaintiff's Complaint Pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6)**

Magistrate Judge Baxter correctly recited the legal standard governing a district court's *sua sponte* review of pleadings submitted by a plaintiff seeking to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 4, at 1-2.)  As a result, this standard is incorporated by reference in this Decision and Order.  The Court would add only that above-referenced pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 12 (and Fed. R. Civ. P. 8).[6]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 12 (and Fed. R. Civ. P. 8) are procedural rules that even *pro se* civil rights plaintiffs must follow.[7]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 214, n. 28 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

---

[6] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 214 & n.34 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).

[7] *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

**III.    ANALYSIS**

Because Plaintiff failed to file an Objection to the Report-Recommendation, the Court need review Magistrate Judge Baxter's Report-Recommendation only for clear error. After doing so, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct. Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 4.) As a result, the Court adopts the Report-Recommendation for the reasons stated therein. (*Id.*)

The Court would add only two points. First, the Report-Recommendation would survive even a *de novo* review. Second, when a district court dismisses a *pro se* claim *sua sponte*, generally the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.[8] As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment

---

[8] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

would prove to be unproductive or futile.") (citation omitted).[9] Here, the Court finds that the defects in the claims in question are substantive rather than merely formal, such that any amendment would be futile.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the claims asserted in Plaintiff's Second, Third, Fourth, Fifth, Seventh, Tenth, Eleventh and Twelfth Causes of Action (Dkt. No. 1) are **DISMISSED with prejudice** to the extent that they are premised on a violation of 18 U.S.C. § 241 and/or 18 U.S.C. § 245, or are asserted on behalf of a third party; and it is further

**ORDERED** that currently remaining in this case are Plaintiff's First, Sixth, Eighth, Ninth and Thirteenth Causes of Action in their entirety, and those claims asserted in her Second, Third, Fourth, Fifth, Seventh, Tenth, Eleventh and Twelfth Causes of Action that are *not* premised on a violation of 18 U.S.C. § 241 and/or 18 U.S.C. § 245; and it is further

**ORDERED** that the Clerk's office shall forward to plaintiff blank summonses and USM-285 Marshal forms; and Plaintiff is directed to complete a separate summons and USM-285 form for each defendant in this action, and return them directly to the Clerk's office, together with a copy of her complaint to be served upon each defendant (23 copies). Upon receipt of the

---

[9] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.

completed summons and USM-285 form for each defendant and a copy of the complaint for each defendant, the Clerk shall issue summonses and forward them, along with copies of the Complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the named Defendants; and it is further

**ORDERED** that a formal response to the surviving claims in Plaintiff's Complaint be filed by Defendants or Defendants' counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**ORDERED** that the Clerk is directed to schedule a Rule 16 conference before the assigned Magistrate Judge; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **<u>Any letter of other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court</u>**. Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District.

Dated: May 27, 2011
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge